GARY R. GLEASON (SB# 136167)
MARGARET A. BURTON (SB#193386)
FARBSTEIN & BLACKMAN
A Professional Corporation
1820 Gateway Drive, Suite 320
San Mateo, California 94404-4024

Telephone: (650) 554-6200
Facsimile:  (650) 554-6240


DORIAN DALEY (SB#129049)
PEGGY BRUGGMAN (SB#184176)
ORACLE CORPORATION
500 Oracle Parkway
Redwood City, CA 94065

Telephone: (650) 506-5200
Facsimile:  (650) 506-7114

Attorneys for Plaintiffs
ORACLE CORPORATION, and
ORACLE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 06 0696

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, and ORACLE USA, INC., a Colorado corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>eMusic.com Inc., a Delaware corporation, and DOES 1 through 40, inclusive,<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>1) COPYRIGHT INFRINGEMENT;<br>2) BREACH OF CONTRACT;<br>3) ACCOUNT STATED;<br>4) OPEN BOOK ACCOUNT;<br>5) GOODS SOLD AND DELIVERED |

Plaintiffs Oracle Corporation and Oracle USA, Inc. allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under the United States Copyright Act, 17 U.S.C.§§ 101 <u>et</u> <u>seq</u>. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338, and the principles of pendent jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Venue in this Judicial District is proper under 28 U.S.C.§ 1391(b) and (c), and 28 U.S.C. § 1400(a), in that a substantial part of the claims asserted herein arose in this District. Additionally, pursuant to the terms of the Oracle Shrinkwrap Agreement (as defined below), the Agreement is governed by the laws of the State of California and deemed executed in Redwood City, San Mateo County, California.

**THE PARTIES**

3. Plaintiff Oracle Corporation ("Oracle") is now, and was at all times mentioned herein, a Delaware corporation duly authorized to do business in the State of California with its principal place of business in Redwood Shores, County of San Mateo, State of California. Oracle develops and licenses database and application software programs and provides related services.

4. Plaintiff Oracle USA, Inc. ("Oracle USA") is now, and was at all times mentioned herein, a Colorado corporation duly authorized to do business in the State of California with its principal place of business in Redwood Shores, County of San Mateo, State of California. Oracle USA develops and licenses database and application software programs and provides related services.

5. Oracle and Oracle USA are hereinafter collectively referred to as "Plaintiffs" or "Oracle."

6. Plaintiffs are informed and believe that defendant eMusic.com Inc. (hereinafter

1  "Defendant") is now, and was at all time mentioned herein, a Delaware corporation duly
2  authorized to do business in the State of California with its principal place of business in
3  Redwood City, California.

## THE LICENSING AND LEASING AGREEMENTS

7.  On or about August 13, 1999, Defendant ordered specific Oracle software and related first year product support services to Defendant from Oracle (collectively, the "Software System").  The Software System included licenses to the Oracle 8i Enterprise Edition, along with other pieces of related software, as well as a year of Technical Support.

8.  On or about August 13, 1999, and in relation to Defendant's order for the Software System, Oracle and Defendant entered into a "Network License Order Form" (hereafter "NLOF").  A true and correct copy of the NLOF is attached hereto as Exhibit A and incorporated herein by this reference.

9.  Pursuant to the NLOF Defendant also agreed, on August 13, 1999, to Oracle's Shrinkwrap Agreement (hereafter "OSA").  The OSA contains the terms under which Oracle licensed the Software System to Defendant.  A true and  correct copy of the OSA is attached hereto as Exhibit B and incorporated herein by this reference.

10.  The NLOF and OSA  (collectively, hereinafter the "1999 Agreement") comprise the terms reached between Oracle and Defendant which were to govern Defendant's licensing and use of the Software System.

11.  Pursuant to the terms of the 1999 Agreement, Defendant agreed to pay and did pay Oracle $327,872 for licensing the Software System, and $82,816 for one years worth of support services related to the Software System (hereafter referred to as the "License and Support Fees").

3
COMPLAINT

1  12.    Between August 1999 and December 31, 2001 Defendant paid for and obtained
2  support services for the Software System.

4  13.    On or about October 16, 2001, Oracle issued terms to Defendant to obtain support
5  services for the Software System for the year 2002.  This document was entitled  "Support
6  Renewal #4967646" and quoted the amount of $139,482.  A true and correct copy of the
7  quotation for "Support Renewal #4967646" is attached hereto as Exhibit C and
8  incorporated herein by this reference (hereafter the "2002 Support Renewal").

10 14.     On December 17, 2001, Defendant signed a purchase order for Oracle Support
11 Renewal #4967646 in the amount of $147,328.86, including $7,846.86 in California State
12 tax.  Purchase Order 2001121701BT in the amount of $147,090.10 is attached hereto as
13 Exhibit D.

15 15.    Pursuant to the terms of the 1999 Agreement and 2002 Support Renewal,
16 Defendant agreed to pay Oracle $147,090.10 to provide technical support services to
17 Defendant for certain licenses previously received from Oracle by Defendant, and
18 Defendant agreed to pay for such services within thirty (30) days of the date of any invoice
19 submitted by Oracle for payment.

21 16.     Oracle submitted invoice number 4012009 in the amount of $147,090.10 for
22 technical support fees on January 1, 2002.  Defendant has failed to pay said invoice.
23 Invoice number 4012009 in the amount of $147,090.10 is attached hereto as Exhibit E.

**THE SOFTWARE SYSTEM**

26 17.    Pursuant to the 1999 Agreement, Oracle agreed to provide, and has provided,
27 Defendant with a license to use the Software System which included, among other things,
28 Oracle's proprietary and copyrighted database program, Oracle 8i Database Enterprise

4

COMPLAINT

1  Edition, together with related software programs and certain Oracle Application software
2  programs.
3
4  18.     Oracle has several federal copyright registrations for its software programs,
5  including the Oracle 8i Enterprise Edition database product.  True and correct copies of
6  the Certificate of Registration Nos. TX 5-392-861 and TX 5-222-106 are attached hereto as
7  group Exhibit F and made a part hereto.
8
9  19.     The 1999 Agreement specifically provides that Oracle retains all ownership and
10 intellectual property rights in the Software System, and that such programs were merely
11 licensed for use by Defendant.
12
13                              **DEFENDANT'S DEFAULT**
14 20.     The 1999 Agreement provides that fees for Oracle's support services are due
15 annually in advance.  The 2002 Support Renewal invoice makes the payment due within 30
16 days of the invoice.  Oracle submitted invoice number 4012009 to Defendant in the amount
17 of $147,090.10 for technical support fees on January 1, 2002.  Defendant has failed to pay
18 said invoice.
19
20 21.     Defendant has defaulted under the 1999 Agreement by, inter alia, failing and
21 refusing to pay in full to Oracle the $147,090.10 owing for technical support fees within
22 thirty (30) days of the January 1, 2002 invoice.
23
24 22.     Although Plaintiffs have made demand, and by filing this Complaint make further
25 demand for payment, Defendant has failed and refused to pay the sums due and owing
26 under the 2002 Support Renewal.
27
28 23.     As of January 30, 2006, there remains due, owing and payable, in accordance with

COMPLAINT

1  the terms of the 1999 Agreement, the amount of $147,090.10, and interest allowed under
2  law, until paid in full or date of entry of judgment, plus expenses, costs and attorney's fees.

4  24.     Defendant's failure to pay the outstanding invoice, constitutes a breach of the 1999
5  Agreement, and thus a breach of the license under which Defendant is allowed to possess
6  and use the Software System.

8  25.     On or about October 2, 2002, Plaintiffs sent Defendant a "Notice of Default"
9  ("Default Notice") informing Defendant that if all outstanding amounts were not brought
10 current within thirty (30) days of the date of the Default Notice, Plaintiffs would terminate
11 Support Renewal #4967646 and the license under the 1999 Agreement without limiting
12 Oracle's rights to pursue all remedies available to Plaintiffs at law and equity. A true and
13 correct copy of the Default Notice is attached hereto as Exhibit G and incorporated herein
14 by this reference.

16 26.     Plaintiffs have performed all conditions, covenants and promises required on their
17 part to be performed in accordance with the terms and conditions of the 1999 Agreement
18 and 2002 Support Renewal.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement)**
**(17 U.S.C.§§ 101 et seq.)**

22 27.     Plaintiffs refer to and by this reference incorporate herein each and every foregoing
23 allegation, inclusive, of the Complaint as though fully set forth herein.

25 28.     Oracle is the owner of the copyrights in the Software System (the "Copyrighted
26 Works").

28 29.     Oracle is informed and believes that Defendant has continued using the Software

6
COMPLAINT

1  System after receiving Notice of Default and after failing to bring its accounts current.

3  30.     Oracle is informed and believes that Defendant has continued using the Software
4  System after its license to use such software expired in 2002 due to its breach of the license
5  agreement.

7  31.     By using, copying, and otherwise exploiting the Copyrighted Works after its license
8  to do so has been terminated, Defendant has willfully and knowingly infringed, and
9  continues to knowingly and willfully infringe, Oracle's Copyrighted Works.

11 32.     As a result of Defendant's copyright infringement as alleged above, Oracle has
12 suffered and will continue to suffer injury and damage in an amount to be determined at
13 trial.  Furthermore, Oracle is informed and believes, and based thereon alleges, that
14 Defendant has received and will continue to receive profits, gains, or other benefits from its
15 infringing activities, all of which should be disgorged to Oracle.  In the alternative, Oracle
16 reserves the right to seek statutory damages for Defendant's intentional infringement of its
17 Copyrighted Works.

19 33.     Defendant's infringement of Oracle's Copyrighted Works has caused and will cause
20 irreparable harm to Oracle which cannot be adequately compensated by monetary
21 damages.  Oracle is therefore entitled to preliminary and permanent injunctive relief
22 restraining and enjoining Defendant from further use and infringement of Oracle's
23 Copyrighted Work's, pursuant to 17 U.S.C. § 502.

25 34.     In order to ensure that Defendant will cease all use of Oracle's Copyrighted Works,
26 Oracle further requests that this Court order the impounding of all copies of Oracle's
27 Copyrighted Works in Defendant's possession or custody, pursuant to 17 U.S.C.§ 503.

WHEREFORE, Oracle prays for judgment as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (Breach of Contract)

35. Plaintiffs refer to and by this reference incorporate herein each and every foregoing allegation, inclusive, of the Complaint as though fully set forth herein.

36. Defendant defaulted under the 1999 Agreement and 2002 Support Renewal by, inter alia, failing and refusing to pay for Support Renewal #4967646.

37. Although Oracle has made demand, and by the filing of this Complaint hereby makes demand, for payment, Defendant has failed and refused, and continues to fail and refuse, to pay said sums due and owing pursuant to the 1999 Agreement and 2002 Support Renewal.

38. As of January 30, 2006, there remains due, owing and payable, in accordance with the terms of the 1999 Agreement and 2002 Support Renewal, the sum of $147,090.10, plus additional charges which include but are not limited to interest, until paid in full or date of entry of judgment, plus expenses, costs and attorney's fees.

**WHEREFORE,** Plaintiffs pray for judgment as hereinafter set forth.

### THIRD CLAIM FOR RELIEF
### (Account Stated)

39. Plaintiffs refer to and by this reference incorporate herein each and every foregoing allegation, inclusive, of the Complaint as though fully set forth herein.

40. Within the last four years, in Redwood City, San Mateo County, California, an

8

COMPLAINT

account was stated by and between Plaintiffs and Defendant, for goods delivered to Defendant at Defendant's special instance and request, in the amount of $147,090.10, according to the account stated in writing between the parties in which it was agreed that Defendant was indebted to Plaintiffs.

41. All of said sum remains unpaid, although demand has been made, and there is now due, owing and unpaid from Defendant to Plaintiffs the sum of $147,090.10 together with interest accruing thereon at the legal rate until paid in full.

**WHEREFORE,** Plaintiffs pray for judgment as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**(Open Book Account)**

42. Plaintiffs refer to and by this reference incorporate herein each and every foregoing allegation, inclusive, of the complaint as though fully set forth herein.

43. Within the last four years, Defendant became indebted to Plaintiffs on an open book account for money due in the amount of $147,090.10, for goods leased and delivered to Defendant at Defendant's special instance and request, and for which Defendant agreed to pay the amount of $147,090.10.

44. A portion of said sum remains unpaid, although demand therefore has been made, and there is now due, owing and unpaid from Defendant to Plaintiffs the sum of $147,090.10, together with interest accruing thereon at the legal rate until paid in full, and reasonable attorneys' fees thereon.

45. Under the laws of the State of California, in any action based on a book account, the prevailing party is entitled to reasonable attorneys' fees. Plaintiffs have employed the law firm of Farbstein & Blackman, a Professional Corporation, for the purpose of instituting

and prosecuting this action.

**WHEREFORE,** Plaintiffs pray for judgment as hereinafter set forth.

**FIFTH CLAIM FOR RELIEF**
**(For Goods Sold and Delivered for Agreed Price)**

46.  Plaintiffs refer to and by this reference incorporates herein each and every foregoing allegation, inclusive, of the Complaint as though fully set forth herein.

47.  Within the last four years in Redwood City, San Mateo County, California, Defendant became indebted to Plaintiffs in the agreed sum of $147,090.10 for goods leased and delivered to Defendant at Defendant's special instance and request.

48.  A portion of said sum remains unpaid, although demand has been made, and there is now due, owing and unpaid from Defendant to Plaintiffs the sum of $147,090.10 together with interest accruing thereon at the legal rate until paid in full.

**WHEREFORE,** Plaintiffs pray for judgment as hereinafter set forth.

**PRAYER**

**AS TO THE FIRST CLAIM FOR RELIEF**

1.  For damages in the amount to be determined at trial, or in the alternative, statutory damages;

2.  For preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, servants, employees, partners, subsidiaries and attorneys, and all persons acting in concert with any one or more of them, or on any of their

10
COMPLAINT

1 respective behalves, from using, copying, or otherwise exploiting or infringing Oracle's Copyrighted Works;

3. For an order requiring the impounding (pursuant to 17 U.S.C. 503(a)) and/or return to Oracle of all copies of Oracle's Copyrighted Works in Defendants' possession, custody or control; and

4. For attorney's fees.

### AS TO THE SECOND CLAIM FOR RELIEF

5. For damages in the amount of $147,090.10, calculated through January 30, 2006.

6. For accrued and accruing interest, late fees, taxes, costs and expenses according to proof;

7. For an order requiring Defendant immediately to cease use of the Software System, destroy all copies of the Software System in computer memory, and return all copies of the Software System, together with related documentation and an unaltered, signed version of a Certificate of License Termination, to Plaintiffs pursuant to the terms of the 1999 Agreement, and in the event that the Software System cannot be returned, for an order granting judgment against Defendant in an amount according to proof at trial; and

8. For attorney's fees.

### AS TO THE THIRD CLAIM FOR RELIEF

9. For damages in the amount of $147,090.10; and

10. For interest at the legal rate until paid in full.

COMPLAINT

**AS TO THE FOURTH CLAIM FOR RELIEF**

11. For damages in the amount of $147,090.10;

12. For interest at the legal rate until paid in full; and

13. For attorney's fees pursuant to statute.

**AS TO THE FIFTH CLAIM FOR RELIEF**

14. For damages in the amount of $147,090.10; and

15. For interest at the legal rate until paid in full.

**AS TO ALL CAUSES OF ACTION**

16. For costs of suit incurred herein; and

17. For such other and further relief as this Court may deem just and proper.

**INDEX OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Network Licence Order Form" ("NLOF") dated August 13, 1999 |
| Exhibit B | Oracle Shrinkwrap License |
| Exhibit C | Quotation for "Support Renewal #4967646" dated October 16, 2001 |
| Exhibit D | Purchase Order 2001121701BT dated December 17, 2001 |
| Exhibit E | Oracle Invoice no. 4012009 dated January 1, 2002. |

COMPLAINT

| | | |
|---|---|---|
| 1 | Exhibit F | Certificate of Registration Nos. TX 5-392-861 and TX 5-222-106 |
| 3 | Exhibit G | Notice of Default dated October 2, 2002 |

Dated: January 31, 2006

FARBSTEIN & BLACKMAN
A Professional Corporation

By_____/s/_____
       Gary R. Gleason
       Attorneys for Plaintiffs
       ORACLE CORPORATION and
       ORACLE USA, INC.

COMPLAINT